UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 12-10908-WRS |
| | Chapter 7 |
| JAMES W. RUDD JR. | |
| MELBA A. RUDD, | |
| Debtors | |

### MEMORANDUM DECISION

This bankruptcy case is before the Court upon the Trustees' Objection to Debtors' Claim of Exemption. (Doc. 24). For the reasons set forth below, the Trustees' Objection to Debtors' Claim of Exemption is OVERRULED.

### I. FACTS

The Debtors, James and Melba Rudd, filed a voluntary Chapter 7 Petition in this Court on May 30, 2012. (Case No. 12-10908). The Debtors own four State Farm Life Insurance Policies. (Doc. 1, p. 12-13) (Schedule B). The life insurance policies have an aggregate cash value of $24,534.00. (Doc. 44). The Debtors claimed the life insurance policies exempt under Ala. Code §§ 6-10-8 and 27-14-29. (Doc. 1, p. 16) (Schedule C).

Trustee objects to the Debtors' Claim of Exemptions. (Doc. 24). The Trustee contends that the claimed exemptions do not apply where, as here, the owners and beneficiaries of the policies are co-debtors in bankruptcy. (Doc. 24, p. 2). The Debtors filed amended schedules on August 15, 2012, but did not change their claim of exemption as to the insurance policies. (Doc. 28). The Trustee renewed his objection. (Doc. 32).

-1-

On September 5, 2012, this Court issued an order requiring the parties to attempt to stipulate to the facts surrounding the ownership, insured, beneficiary, and person effecting each of the four policies. (Doc. 34). The Stipulation of Parties was filed on October 10, 2012, and provided the Court with the following facts:

| Policy # | Owner & Person Effecting Policy | Principal Insured | Beneficiary | Cash Value (as of 3/3/12) |
|---|---|---|---|---|
| xxxx-3243 | Melba A. Rudd | Melba A. Rudd | James W. Rudd, Jr. | $3,226.05 |
| xxxx-3244 | Melba A. Rudd | James W. Rudd, Jr. | Melba A. Rudd | $10,458.80 |
| xxxx-1671 | Melba A. Rudd | James W. Rudd, Jr. | Melba Rachel Rudd | $8,381.25 |
| xxxx-3663 | Melba A. Rudd | Melba A. Rudd | James W. Rudd, Jr. | $2,467.00 |

(Doc. 44).

## II. DISCUSSION

### A. BANKRUPTCY EXEMPTIONS

To mitigate the harshness of the forced liquidation of a debtor's property, the Bankruptcy Code permits debtors to set apart certain property as exempt. 11 U.S.C. § 522. This is "to provide the debtor with 'the basic necessities of life' and ensure that 'the debtor will not be left destitute and a public charge.'" In re Bland, 793 F.2d 1172, 1173 (11th Cir. 1986) (quoting H.R.Rep. No. 595, 95th Cong., 2d Sess. 126). "[T]he burden is on the party objecting to the exemption, here the Trustee, to establish the objection by a preponderance of the evidence." In re Cassell, 443 B.R. 200, 203-204 (Bankr. N.D. Ga. 2010) (stating the purpose of the exemptions "is to provide the debtor with a fresh start and they are therefore to be construed liberally.").

The Debtors' claim pursuant to § 522(b)(3) relies on Alabama law. At issue are the Debtors' claimed exemptions for the cash surrender value of four life insurance policies,[1] which the Debtors' seek to exempt under Code of Alabama §§ 6-10-8 and 27-14-29. Section 6-10-8 provides in relevant part:

> If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his or her own life or on another life in favor of a person other than himself or herself . . . the lawful beneficiary . . . shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same . . . .
>
> ***
>
> A husband or a wife, in his or her own name or in the name of a trustee, may insure the life of his or her spouse for the benefit of himself or herself . . . ; or a husband or a wife may insure his or her own life for the benefit of his or her spouse . . . ; and such insurance and the proceeds and avails thereof, whether or not the right to change the beneficiary is reserved or permitted, is exempt from liability for the debts or engagements of the insured, or for the torts of the insured, or for any penalty or damages recoverable of the insured.

(West 2012). Section 6-10-8 provides for an exemption against the "creditors of the insured and/or policy owner, but does not extend that exemption as to the creditors of a mere beneficiary." In re McWhorter, 312 B.R. 695, 696-697 (Bankr. N.D. Ala. 2004). The purpose of such an exemption is to "protect insurance proceeds due to a wife and child from the grasp of the husband/insured's creditors." Id. at 698. As an aside, the Court believes it appropriate to construe the policy generally as one that protects the proceeds due to a *spouse* and child. See Matter of Morris, 30 B.R. 392, 395 (Bankr. N.D. Ala. 1983) ("the purpose of the statute is not to

---

[1] The cash surrender value of a life insurance policy is considered to be a "proceed and avail" of insurance which may be exempted pursuant to Ala. Code. § 27-14-29(c). See also In re Beckman, 50 F. Supp. 339 (N.D. Ala. 1943) (holding that the cash surrender value of a life insurance policy is part of the proceeds of the policy as contemplated by the exemption statute).

-3-

set aside an exemption for the benefit of the debtor, but to provide for the maintenance and support of a class of people, primarily the spouse and children.").

Section 27-14-29 includes similar language, stating in relevant part:

> (a) If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life in favor of a person other than himself . . . the lawful beneficiary, or assignee thereof, other than the insured or the person so effecting such insurance or his executors or administrators, shall be entitled to its proceeds and avails against the creditors, personal representatives, trustees in bankruptcy, and receivers in state and federal courts of the person insured and of the person effecting the insurance . . . .
>
> ***
>
> (b) If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on the life of another in favor of the person effecting the same . . . the latter shall be entitled to the proceeds and avails of the policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person insured. If the person effecting such insurance, or the assignee of such insurance, is the wife of the insured, she shall also be entitled to the proceeds and avails of the policy as against her own creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts.

(West 2012). Section 27-14-29, then, provides two differing exemptions, each distinct with regard to scope. Under § 27-14-29(a), the result is similar to that reached under § 6-10-8; that is, the beneficiary may exempt the policy as to the creditors of the insured or policy owner only. However, § 27-14-29(a) differs from § 6-10-8 in one major way: 27-14-29(a) requires that the beneficiary be someone other than the insured or person effecting the insurance.[2] Section 27-14-29(b) provides the broader exemption, under which the exemption extends to also cover against the creditors of the beneficiary spouse. This is referred to as the "ultimate exemption." See

---

[2] It is important at this point to note that Alabama courts commonly look to New York law in interpreting Alabama's insurance exemption statutes because the relevant sections of Alabama law are substantial copies of the New York insurance exemption law, and have been amended in sync with the New York law's amendments. See McWhorter, 312 B.R. at 698 (citing Kimball v. Cunningham Hardware Co., 192 Ala. 223, 68 So. 309, 312 (Ala. 1915) and In re Beckman, 50 F.Supp. 339, 342-343 (N.D. Ala. 1943)). The applicable New York law is found in N.Y. Ins. Law § 3212, which contains substantially similar language to Ala. Code § 27-14-29. In interpreting § 24-14-29(a), the relevant section of New York law is § 3212(b)(1), which explicitly requires the policy to be "in favor of a third party beneficiary." N.Y. Ins. Law § 3212(b)(1).

Wornick v. Gaffney, 544 F.3d 486 (2nd Cir. 2008). The broad exemption of §27-14-29(b) applies only when the beneficiary spouse is also the person effecting the policy.[3]

The application of the Alabama statutory exemptions in this case hinge on an issue that is two-fold. First, and directly at the heart of the Trustee's objection, can these exemptions be used in a joint proceeding when the beneficiary of the policy is a co-debtor in a joint bankruptcy proceeding? If the answer is no, then the Trustee's objection is due to be granted and the analysis ends. However, if the exemptions are applicable in a joint proceeding, then we ask secondly, what do the exemptions protect and against which creditors?

## B. INSURANCE EXEMPTIONS IN A JOINT PROCEEDING

The Trustee objects to the application of the exemptions as to the four policies at issue because it is the Trustee's "opinion and belief that this exemption only exists where a non-debtor is the beneficiary, and does not exist where the owners and beneficiaries are both themselves debtors in a joint proceeding." (Doc. 24, p. 2). The filing of a joint case by two spouses does not render § 522(b)(3) or the Alabama insurance exemptions inapplicable. The mere filing of a joint case does not have such a drastic effect, such that a debtor would lose statutorily provided for exemptions simply by way of choosing to file jointly with one's spouse. 11 U.S.C. § 302(a) allows a married couple to file a joint petition. The effect of a joint filing is to "create[] two separate bankruptcy estates." In re Morrison, 403 B.R. 895, 900 (Bankr. M.D. Fla. 2009) (quoting In re Estrada, 224 B.R. 132, 135 (Bankr. S.D. Cal. 1998)). These two bankruptcy estates are "separate and distinct," Id. at 901 (quoting In re Payne, 2004 WL 2757907 (Bankr. M.D. N.C. 2004), and do not "result in the automatic substantive consolidation of the two

---

[3] The person effecting the policy is "the one who is the 'procuring cause of the insurance." In re Boykin, 465 B.R. 665, 669 (Bankr. S.D. Ala. 2012) (quoting Matter of Levine, 179 Misc. 241 (NYS 1942)). This would be seen in a case where "the wife of her own initiative takes out insurance upon her husband, making application for the policy and receiving the policy." Boykin, 465 B.R. at 669 (citing Matter of Bifulci, 154 F.Supp. 629, 631 (S.D. NY 1957)).

debtors' estates," Id. (quoting In re Reider, 31 F.3d 1102, 1109 (11th Cir. 1994)); see also Rule 1015(b), Fed. R. Bankr. P. (stating that consolidation or joint administration of estates only occurs by court order).

Section 522(m) underscores the fact that a joint filing will not result in any impairment to one's right to claim any § 522 exemptions. 11 U.S.C. § 522(m) ("[T]his section shall apply separately with respect to each debtor in a joint case.") Thus, each debtor's estate in a joint proceeding operates on its own, and is entitled to the exemptions as it would have been if it were filed as a separate case. See In re Arnold, 33 B.R. 765, 767 ("Although a husband and wife file a joint petition, there are in fact two separate debtors."). The Trustee's contention that a joint bankruptcy filing results in the loss of these insurance exemptions is without foundation.[4]

The Trustee relies on McWhorter for the proposition that the exemptions found in §§ 6-10-8 and 27-14-29 are unavailable when the beneficiary of the policy or the owner of the policy is a joint debtor in bankruptcy. Rather, the cited case law is to the contrary, with courts construing the Alabama statutory exemptions to apply in cases where the debtor or co-debtor is an owner or beneficiary of the policy. See McWhorter, 312 B.R. 695 (applying the exemption as against the creditors of the insured when the wife, the beneficiary, was a co-debtor with the husband, who was the policy owner and insured); In re Boykin, 465 B.R. 665 (Bankr. S.D. Ala. 2012) (allowing the exemption where the debtor was both the owner and beneficiary of a policy on her husband's life).

---

[4] The only occasions involving spouses as joint debtors in which the insurance exemption has been deemed inapplicable is when the policies at issue are reciprocal. See Tuefel v. Schlant, 2002 WL 33008689 (W.D. NY 2002); see also In re Trautman. 296 B.R. 651, 652 (Bankr. W.D. N.Y. 2003) (describing a reciprocal policy situation as existing when "co-debtors who, as husband and wife, had purchased insurance contemporaneously on their own respective lives for the benefit of the other."). However, even that was subject to a split among the courts in the Western District of New York. See In re Polanowski, 258 B.R. 86 (Bankr. W.D. NY 2001). Any discussion of the exemptions in relation to reciprocal policies seems unnecessary for two reasons. First, the Second Circuit appears to have made the district split moot by ruling that a trustee cannot reach the cash value of reciprocal life insurance policies in a joint proceeding due to the inchoate interest that a beneficiary spouse holds. Wornick v. Gaffney, 544 F.3d 486 (2nd Cir. 2008). Second, the policies held by Debtors in this case are not reciprocal, and thus any analysis to that effect is unwarranted.

The Trustee's reliance upon and interpretation of McWhorter fails to capture the nuanced result the bankruptcy court achieved in its application of §§ 6-10-8 and 27-14-29 to a joint proceeding.  McWhorter does not stand for the proposition that the exemptions are inapplicable in a joint proceeding where owners and beneficiaries themselves are both debtors.  In fact, McWhorter did apply the statutory exemptions in a joint proceeding and allowed §§ 6-10-8 and 27-14-29(a) exemptions as against the creditors of the insured, the co-debtor husband. McWhorter, 312 B.R. at 696, 699. ("There is no dispute that under Alabama law, the proceeds of an insurance policy effected by a husband on his own life for the benefit of his spouse, are exempt as to the creditors of the insured and/or policy owner in bankruptcy.")  The only issue in McWhorter was to what extent creditors of a beneficiary-spouse were affected by the exemptions. Id. at 698 (stating that the language of the Alabama exemptions statues was "clear in providing an exemption for the insured or person effecting the policy . . . .").

All McWhorter did in terms of denying application of an insurance exemption was to not exempt the policy as against the creditors of the beneficiary-spouse, which the debtors attempted pursuant to § 27-14-29(b). Id. at 699.  Even in refusing application of the § 27-14-29(b) exemption, it is essential to note that the court did so not because the debtor spouses were involved in a joint proceeding, but instead because the plain requirements of the statute were not met. Id. at 698-699.  That is, the ultimate exemption of §27-14-29(b) only applies when "the beneficiary is the spouse of the insured, *and is the owner of the policy*." Id. at 698 (emphasis present in original) (quoting In re Kiersz, 311 B.R. 145, 150 (Bankr, W.D. N.Y. 2004)); see also In re Szewcyzk, 307 B.R. 741 (Bankr. W.D. N.Y. 2004) and In re Jacobs, 264 B.R. 274 (Bankr. W.D. N.Y. 2001).  In McWhorter, the husband took out a policy on his own life for the benefit of his wife.  For § 27-14-29(b) to even apply, the owner and the beneficiary must the same

-7-

Case 12-10908    Doc 55    Filed 11/09/12    Entered 11/09/12 15:21:46    Desc Main
Document      Page 7 of 11

person, and must have taken out the policy on the life of their spouse. Thus, the ultimate exception was not applicable in McWhorter due to failure to meet statutory requirements. That the joint debtors were both the owners and beneficiaries of the policy was simply not a consideration of the court.

The Trustee's broad objection, then, that the exemptions provided by Ala. Code §§ 6-10-8 and 27-14-29 – made available to each Debtors' estate through 11 U.S.C. § 522(b)(3) – are wholly unavailable in a joint proceeding involving the policy owner and beneficiary is due to be overruled. The Debtors are not faced with the choice of either filing separately and retaining access to the Code's exemptions or filing jointly and forgoing certain exemptions. The analysis now turns away from whether the Debtors are entitled to the exemptions, and instead to what effect the exemptions have once applied in this case.

### C. APPLICATION AND EFFECT OF THE EXEMPTIONS

Having determined that the insurance exemptions found under Alabama law are fully applicable to the Debtors' joint filing, the Court must apply the exemptions to the Debtors' case and determine which policies are insulated as to which creditors. The Debtors contend that the cash value of the policies is wholly exempt as against all creditors of both the Debtors, (Doc. 26), mirroring the language of § 27-14-29(b). As noted, the ultimate exemption of § 27-14-29(b) is available only in particular factual circumstances. While the Debtors may be entitled to the exemption against all creditors as to some of the policies, the ultimate exemption does not apply as a blanket matter in this case as the Debtors argue. Instead, the exemption structure works to insulate several of these policies only as to the creditors of the insured or policy owner.

### i. Policy # xxxx-3243

The first policy at issue is designated as Policy # xxxx-3243 and has an agreed-upon cash-value of $3,226.95. The parties have stipulated that this policy is owned and effected by Mrs. Rudd on her own life for the benefit of Mr. Rudd. The Debtors claim exemptions both under §§ 6-10-8 and 27-14-29. Under § 6-10-8, the beneficiary, Mr. Rudd, is entitled to exempt the cash value of the policy against the creditors of the insured or person effecting the policy, Mrs. Rudd. Section 27-14-19(a) also applies here, because § 27-14-29(a) requires the policy to be in favor of a third-party beneficiary, other than the insured or person effecting the policy. Here, the policy is in favor of Mr. Rudd, who is someone "other than the insured or the person effecting such insurance." 11 U.S.C. § 27-14-29(a). Section 27-14-29(a) allows such a beneficiary to exempt the policy against the creditors of the insured and/or person effecting the policy. Both exemption statutes reach the same result, and allow Mr. Rudd to exempt Policy # xxxx-3243 against the creditors of Mrs. Rudd.

### ii. Policy # xxxx-3244

Policy # xxxx-3244 has a stipulated cash value of $10,458.60, and is a policy owned and effected by Mrs. Rudd on the life of Mr. Rudd for the benefit of herself. Section 6-10-8 exempts such a policy against the liability and debts of the insured. That is, Mrs. Rudd as the beneficiary is entitled to exempt the policy from the debts of Mr. Rudd, the insured. However, § 27-14-29(b) also applies to this policy and extends the exemption further. Section 27-14-29(b)'s ultimate exemption applies here because the person effecting the policy, Mrs. Rudd, on the life of her spouse, is also the beneficiary of the policy. Therefore, § 27-14-29(b) not only allows for the exemption against creditors of the insured, but also allows for the proceeds and avails of the policy to be exempted against her own creditors. The exemption statutes here allow Mrs. Rudd

to exempt Policy # xxxx-3244's cash surrender value against both the creditors of Mr. Rudd, along with her own creditors.

### iii. Policy # xxxx-1671

The third policy on which the Debtors claim an exemption is Policy # xxxx-1671, which has an agreed-upon cash value of $8,381.25. This policy is owned and effected by Mrs. Rudd, on the life of Mr. Rudd, for the benefit of a non-debtor third party beneficiary. Pursuant to § 6-10-8, the lawful beneficiary of such a policy is entitled to exempt the cash value as against the creditors of the insured and/or person effecting the policy. Here, the third-party beneficiary is entitled to exempt the policy against both the creditors of the insured, Mr. Rudd, and the creditors of the person effecting the policy, Mrs. Rudd. Section 27-14-29(a) applies when there is a third-party beneficiary and provides the same result. The third-party beneficiary is entitled to have the Court protect this policy's value from both the creditors of Mr. and Mrs. Rudd.

### iv. Policy # xxx-3663

The final policy the Debtors' claim is Policy # xxxx-3663, which has a stipulated cash surrender value of $2,467.00 and is owned by Mrs. Rudd on her own life for the benefit of her husband. Application of the exemption statutes to this policy elicits the same analysis as found under Policy # xxxx-3243. Both §§ 6-10-8 and 27-14-29(a) are applicable to this policy. The result is that Mr. Rudd, as beneficiary, is entitled to have the policy exempted as against the creditors of Mrs. Rudd, the insured and person effecting the policy.

Case 12-10908    Doc 55    Filed 11/09/12    Entered 11/09/12 15:21:46    Desc Main
Document      Page 10 of 11

# III. CONCLUSION

The objection of the Trustee to the Debtors' Claim of Exemption is overruled for two reasons. First, the filing of a joint case, pursuant to § 302 of the Bankruptcy Code, creates two separate estates – each of which is fully entitled to the protections and exemptions of the Code.

Second, the insurance exemptions under Alabama law, made applicable to this proceeding through § 522(b)(3), continue to remain viable options for a debtor, regardless of whether a joint proceeding has been filed or one of the co-debtors is an owner or beneficiary of one of the policies. The insurance exemptions provided by Ala. Code §§ 6-10-8 and 27-14-29 are available to the Debtors, and are applied in this case to exempt the policies as against certain creditors. The Court will enter a separate order to this effect.

Done this 9th day of November, 2012.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Amanda M. Smith, Attorney for Debtors
   Collier H. Espy Jr., Trustee